IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TELADOC HEALTH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| AMERICAN WELL CORPORATION, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Teladoc Health, Inc., for its complaint of patent infringement against Defendant American Well Corporation alleges as follows:

### THE PARTIES

1.      Plaintiff Teladoc Health, Inc. ("Teladoc" or "Plaintiff") is a corporation organized and existing under the laws of the State of Delaware.  Teladoc's principal place of business is in Purchase, New York.

2.      On information and belief, Defendant American Well Corporation ("Amwell" or "Defendant") is a corporation incorporated in the State of Delaware with its principal place of business in Boston, Massachusetts.

### NATURE OF ACTION

3.      This is a civil action against Defendant for patent infringement under the United States patent laws, as amended, 35 U.S.C. §§ 101 *et seq.* (the "Patent Laws").  This action arises out of Defendant's making, using, selling, offering to sell, and/or importing into the United States certain devices covered by Teladoc's patents and/or inducing or contributing to its customers' direct infringement.  Accordingly, Teladoc seeks monetary and injunctive relief under the Patent Laws.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      Upon information and belief, Amwell is incorporated in the state of Delaware, and conducts business and has committed a tort in this District, including without limitation Defendant's patent infringement, which causes harm in this State and in this District. Therefore, this Court has personal jurisdiction over Amwell.

6.      Venue is proper in this District under 28 U.S.C. § 1400(b) with respect to Amwell because, on information and belief, Amwell has committed acts of infringement in this District, and is incorporated in the state of Delaware.

## BACKGROUND

**A.      The Technology**

7.      Teladoc is recognized as the world leader in virtual care and offers the only comprehensive virtual care solution capable of serving organizations and people anywhere.

8.      In 2020, Teladoc acquired InTouch Technologies, Inc. ("InTouch"). InTouch provides innovative telehealth capabilities in complex medical environments.

9.      InTouch has been recognized as a market-leading telehealth company, receiving recognition for Innovations in Healthcare Technology by the Institute of Electrical and Electronics Engineers (IEEE) Educational Activities Board in 2017, and the President's Innovation in Remote Health Care from the American Telemedicine Association in 2005.  InTouch has also earned awards such as the Deloitte's Technology Fast 500 Award, Inc. Magazine's Inc. 500 Award, and most recently, Rank #1 for Virtual Care Platforms in 2020 in the KLAS Report.

10.      The technology at issue in the asserted patents was developed by Dr. Yulun Wang and his colleagues, while working for InTouch.

11.    Dr. Wang is recognized as an expert in the field of virtual medicine by several universities, organizations, and news outlets, including the University of California – Santa Barbara, the National Academy of Engineering, the Today Show, Good Morning America, and CNN.

12.    Dr. Wang has also been lauded the "Father of Modern Surgical Robotics" by medical news publication Medgadget.

13.    Dr. Wang was the principal inventor of the first FDA-approved surgical robot, AESOP (Automated Endoscopic System for Optimal Positioning), and the ZEUS Robotic Surgical System.  The ZEUS Robotic Surgical System was used in the world's first telesurgery procedure in 2001, and AESOP has been widely used in minimally invasive surgery.

14.    Dr. Wang has written over 50 publications and has been an inventor on well over 100 patents.

15.    The efforts of InTouch and Dr. Wang have resulted in a portfolio of over 130 patents and patent applications.

**B.    The Asserted Patents**

16.    On July 20, 2010, United States Patent No. 7,761,185 (the "'185 Patent"), entitled "Remote Presence Display Through Remotely Controlled Robot," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '185 Patent is attached as Exhibit A and incorporated herein.

17.    On November 12, 2019, United States Patent No. 10,471,588 (the "'588 Patent"), entitled "Robotic Based Health Care System," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '588 Patent is attached as Exhibit B and incorporated herein.

18.     On May 15, 2012, United States Patent No. 8,179,418 (the "'418 Patent"), entitled "Robotic Based Health Care System," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '418 Patent is attached as Exhibit C and incorporated herein.

19.     On September 30, 2014, United States Patent No. 8,849,680 (the "'680 Patent"), entitled "Documentation Through a Remote Presence Robot," was duly and legally issued by the United States Patent and Trademark Office.  A copy of the '680 Patent is attached as Exhibit D and incorporated herein.

20.     On July 15, 2014, United States Patent No. 8,780,165 (the "'165 Patent"), entitled "Portable Remote Presence Robot," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '165 Patent is attached as Exhibit E and incorporated herein.

21.     On March 21, 2017, United States Patent No. 9,602,765 (the "'765 Patent"), entitled "Portable Remote Presence Robot," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '765 Patent is attached as Exhibit F and incorporated herein.

22.     On March 11, 2014, United States Patent No. 8,670,017 (the "'017 Patent"), entitled "Remote Presence System Including a Cart that Supports a Robot Face and an Overhead Camera," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '017 Patent is attached as Exhibit G and incorporated herein.

23.     On November 19, 2019, United States Patent No. 10,483,007 (the "'007 Patent"), entitled "Modular Telehealth Cart with Thermal Imagining and Touch Screen User

Interface," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '007 Patent is attached as Exhibit H and incorporated herein.

24.     On August 28, 2018, United States Patent No. 10,059,000 (the "'000 Patent"), entitled "Server Connectivity Control for a Tele-Presence Robot," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '000 Patent is attached as Exhibit I and incorporated herein.

25.     Teladoc is the owner, by assignment, of all rights, title, and interest in and to the '185, '588, '418, '680, '165, '765, '017, '007, and '000 Patents (collectively, the "Asserted Patents").

### C.     Accused Products

26.     Amwell's products accused of infringement are the C760, C750, C250, and C210 telemedicine carts ("Amwell Carts"), the Horus HD Digital Scope System, and the Thinklabs One Digital Stethoscope (collectively, "Accused Products").

27.     According to Amwell's web site (https://business.amwell.com/telemedicine-equipment), Amwell's telemedicine carts are "designed to support in- and out-patient care, equipped to manage high- and low-acuity cases to provide timely access to remote specialists"; "bring specialists to where they are needed and allow for complete patient exams- remotely"; "enhance decision making through sharing of images and real-time audio feeds"; and "get a close-up view of the patient with a pan-tilt zoom camera and Far-End-Camera-Control."

28.     According to Amwell's web site (https://business.amwell.com/telemedicine-equipment/peripherals/horus-scopes/), the Horus HD Digital Scope System "comfortably fits in one hand and allows users to naturally see what is being captured on the integrated LCD screen.  When

connected to a telemedicine cart, the scope shares images and video to enable collaboration between remote teams."

29.     According to Amwell's web site (https://business.amwell.com/telemedicine-equipment/peripherals/thinklabs-one-digital-stethoscope/), the Thinklabs One Digital Stethoscope is "[a]n elegant stethoscope solution offering high-quality audio of heart and lung sounds for all types of telemedicine applications."

30.     On information and belief, Amwell provides its customers with documentation containing instructions for configuring and using the Accused Products.

31.     On information and belief, Amwell provides its customers with documentation containing instructions for using the Amwell Carts with third party equipment.

32.     On information and belief, Amwell provides its customers a user and installation guide for the C750 Amwell Cart, such as the "Avizia CA750 User & Installation Guide," which is attached as Exhibit J.  The Avizia CA750 User & Installation Guide includes instructions for configuring and using the C750 Amwell Cart.

33.     On information and belief, Amwell provides user and installation guides, substantially similar to Exhibit J, for all of its telemedicine carts, including the C760, C250, and C210 Amwell Carts.

34.     Attached as Exhibit K is a brochure for the C760 Amwell Cart.

35.     Attached as Exhibit L is a brochure for the C250 Amwell Cart.

36.     On information and belief, Amwell provides its customers a user manual for the Horus HD Digital Scope System, such as the "Horus Scope Series 3 User Manual," which is attached as Exhibit M.  The Horus Scope Series 3 User Manual includes instructions for configuring and using the Horus HD Digital Scope System.

37.     On information and belief, Amwell provides its customers a user manual for the Thinklabs One Digital Stethoscope, which is attached as Exhibit N.  The Thinklabs One Digital Stethoscope user manual contains instructions for configuring and using the Thinklabs One Digital Stethoscope.

38.     On information and belief, Amwell provides its customers with software for use with the Amwell Carts.

39.     On information and belief, Amwell provides its customers with software for use with the Accused Products.

**D.      Amwell's Knowledge of the Asserted Patents and Accused Products**

40.     On September 14, 2020, counsel for Teladoc sent a letter to Amwell and its counsel providing notice of the Asserted Patents ("Notice Letter").  Attached as Exhibit O is a copy of the Notice Letter.

41.     In the Notice Letter, Teladoc provided notice to Amwell that one or more of the Accused Products infringes the Asserted Patents and identified examples, based upon information to date, of the specific claims infringed for each of the Asserted Patents.

42.     On September 15, 2020, Amwell filed an amended Form S-1 Registration Statement with the U.S. Securities and Exchange Commission to reference the Notice Letter and Teladoc's infringement allegations.  Attached as Exhibit P are excerpts from Amwell's amended S-1 filing.

**FIRST CLAIM FOR RELIEF**
**DIRECT INFRINGEMENT OF THE '185 PATENT BY AMWELL**

43.     Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

44.     The Accused Products directly infringe claims 1, 3, 4, 6, 7, 10, 11, and 13 of the '185 Patent.

45.     A chart illustrating direct infringement of claims 1, 3, 4, 6, 7, 10, 11, and 13 of the '185 Patent by the Accused Products is attached as Exhibit Q.

46.     On information and belief, Amwell has had knowledge and notice of the '185 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

47.     Amwell has directly infringed and continues to directly infringe the '185 Patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, and/or importing into the United States one or more of the Accused Products that practice one or more claims of the '185 Patent.

48.     Amwell's acts of direct infringement of the '185 Patent herein are being committed with full knowledge of Teladoc's rights in the '185 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted direct infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**INDUCED INFRINGEMENT OF THE '185 PATENT BY AMWELL**

49.     Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

50.     Amwell has induced infringement of claims 1, 3, 4, 6, 7, 10, 11, and 13 of the '185 Patent.

51.     A chart illustrating induced infringement of claims 1, 3, 4, 6, 7, 10, 11, and 13 of the '185 Patent by the Accused Products is attached as Exhibit Q.

52.     On information and belief, Amwell has had knowledge and notice of the '185 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

53.     On information and belief, since at least the time Amwell received notice, Amwell induced and continues to induce infringement of the '185 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe the '185 Patent, including, but not limited to, Amwell's partners, clients, customers, and end users, whose use of one or more of the Accused Products constitutes direct infringement of at least one claim of the '185 Patent.

54.     Amwell's actions that aid and abet others, such as its partners, customers, clients, and end users, to infringe include advertising and distributing the Accused Products, providing instruction materials, training, and services regarding the Accused Products, including the user guides of Exhibits J, M, and N, and/or providing software for use with one or more of the Accused Products. On information and belief, Amwell has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Amwell had actual knowledge of the '185 Patent and knowledge that its acts were inducing infringement of the '185 Patent since at least the date of the Notice Letter.

55.     Amwell's acts of induced infringement of the '185 Patent herein are being committed with full knowledge of Teladoc's rights in the '185 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted induced infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
## CONTRIBUTORY INFRINGEMENT OF THE '185 PATENT BY AMWELL

56.     Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

57.     The Accused Products contributorily infringe claims 1, 3, 4, 6, 7, 10, 11, and 13 of the '185 Patent.

58.     A chart illustrating contributory infringement of claims 1, 3, 4, 6, 7, 10, 11, and 13 of the '185 Patent by the Accused Products is attached as Exhibit Q.

59.     On information and belief, Amwell has had knowledge and notice of the '185 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

60.     Amwell has and continues to contributorily infringe the '185 Patent under 35 U.S.C. § 271(c).  With knowledge of the '185 Patent, Amwell has sold, sells, offers to sell, has imported and/or is importing into the United States one or more of the Accused Products to be especially made or adapted for use in an infringement of the '185 Patent.  The Accused Products are a material component for use in practicing the '185 Patent and are specifically made and are not a staple article of commerce suitable for substantial noninfringing use.  The use of one or more of the Accused Products by Amwell's partners, clients, customers, and end users constitutes direct infringement of at least one claim of the '185 Patent.

61.     Amwell's acts of contributory infringement of the '185 Patent herein are being committed with full knowledge of Teladoc's rights in the '185 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted contributory infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
## DIRECT INFRINGEMENT OF THE '588 PATENT BY AMWELL

62. Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

63. The Accused Products directly infringe claims 1-7 of the '588 Patent.

64. A chart illustrating direct infringement of claims 1-7 of the '588 Patent by the Accused Products is attached as Exhibit R.

65. On information and belief, Amwell has had knowledge and notice of the '588 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

66. Amwell has directly infringed and continues to directly infringe the '588 Patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, and/or importing into the United States one or more of the Accused Products that practice one or more claims of the '588 Patent.

67. Amwell's acts of direct infringement of the '588 Patent herein are being committed with full knowledge of Teladoc's rights in the '588 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted direct infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
## INDUCED INFRINGEMENT OF THE '588 PATENT BY AMWELL

68. Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

69. Amwell has induced infringement of claims 1-7 of the '588 Patent.

70.     A chart illustrating induced infringement of claims 1-7 by the Accused Products is attached as Exhibit R.

71.     On information and belief, Amwell has had knowledge and notice of the '588 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

72.     On information and belief, since at least the time Amwell received notice, Amwell induced and continues to induce infringement of the '588 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe the '588 Patent, including, but not limited to, Amwell's partners, clients, customers, and end users, whose use of one or more of the Accused Products constitutes direct infringement of at least one claim of the '588 Patent.

73.     Amwell's actions that aid and abet others, such as its partners, customers, clients, and end users, to infringe include advertising and distributing the Accused Products, providing instruction materials, training, and services regarding the Accused Products, including the user guides of Exhibits J, M, and N, and/or providing software for use with one or more of the Accused Products. On information and belief, Amwell has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Amwell had actual knowledge of the '588 Patent and knowledge that its acts were inducing infringement of the '588 Patent since at least the date of the Notice Letter.

74.     Amwell's acts of induced infringement of the '588 Patent herein are being committed with full knowledge of Teladoc's rights in the '588 Patent. On information and belief, Amwell is continuing to act despite knowing that its actions constituted induced infringement of a valid patent since at least the date of the Notice Letter. Amwell's acts constitute willful and deliberate

infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
## CONTRIBUTORY INFRINGEMENT OF THE '588 PATENT BY AMWELL

75.     Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

76.     The Accused Products contributorily infringe claims 1-7 of the '588 Patent.

77.     A chart illustrating contributory infringement of claims 1-7 of the '588 Patent by the Accused Products is attached as Exhibit R.

78.     On information and belief, Amwell has had knowledge and notice of the '588 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

79.     Amwell has and continues to contributorily infringe the '588 Patent under 35 U.S.C. § 271(c).  With knowledge of the '588 Patent, Amwell has sold, sells, offers to sell, has imported and/or is importing into the United States one or more of the Accused Products to be especially made or adapted for use in an infringement of the '588 Patent.  The Accused Products are a material component for use in practicing the '588 Patent and are specifically made and are not a staple article of commerce suitable for substantial noninfringing use.  The use of one or more of the Accused Products by Amwell's partners, clients, customers, and end users constitutes direct infringement of at least one claim of the '588 Patent.

80.     Amwell's acts of contributory infringement of the '588 Patent herein are being committed with full knowledge of Teladoc's rights in the '588 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted contributory infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and

deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF
## DIRECT INFRINGEMENT OF THE '418 PATENT BY AMWELL

81.     Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

82.     The Accused Products directly infringe claims 1, 2, 4, 5, 8, 9-12, and 15-17 of the '418 Patent.

83.     A chart illustrating direct infringement of claims 1, 2, 4, 5, 8, 9-12, and 15-17 by the Accused Products is attached as Exhibit S.

84.     On information and belief, Amwell has had knowledge and notice of the '418 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

85.     Amwell has directly infringed and continues to directly infringe the '418 Patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, and/or importing into the United States the Accused Products that practice one or more claims of the '418 Patent.

86.     Amwell's acts of direct infringement of the '418 Patent herein are being committed with full knowledge of Teladoc's rights in the '418 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted direct infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF
## INDUCED INFRINGEMENT OF THE '418 PATENT BY AMWELL

87.     Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

88.     Amwell has induced infringement of claims 1, 2, 4, 5, 8, 9-12, and 15-17 of the '418 Patent.

89.     A chart illustrating induced infringement of claims 1, 2, 4, 5, 8, 9-12, and 15-17 by the Accused Products is attached as Exhibit S.

90.     On information and belief, Amwell has had knowledge and notice of the '418 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

91.     On information and belief, since at least the time Amwell received notice, Amwell induced and continues to induce infringement of the '418 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe the '418 Patent, including, but not limited to, Amwell's partners, clients, customers, and end users, whose use of one or more of the Accused Products constitutes direct infringement of at least one claim of the '418 Patent.

92.     Amwell's actions that aid and abet others, such as its partners, customers, clients, and end users, to infringe include advertising and distributing the Accused Products, providing instruction materials, training, and services regarding the Accused Products, including the user guides of Exhibits J, M, and N, and/or providing software for use with one or more of the Accused Products. On information and belief, Amwell has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Amwell had actual knowledge of the '418 Patent and knowledge that its acts were inducing infringement of the '418 Patent since at least the date of the Notice Letter.

93. Amwell's acts of induced infringement of the '418 Patent herein are being committed with full knowledge of Teladoc's rights in the '418 Patent. On information and belief, Amwell is continuing to act despite knowing that its actions constituted induced infringement of a valid patent since at least the date of the Notice Letter. Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

**NINTH CLAIM FOR RELIEF**
**CONTRIBUTORY INFRINGEMENT OF THE '418 PATENT BY AMWELL**

94. Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

95. The Accused Products contributorily infringe claims 1, 2, 4, 5, 8, 9-12, and 15-17 of the '418 Patent.

96. A chart illustrating contributory infringement of claims 1, 2, 4, 5, 8, 9-12, and 15-17 by the Accused Products is attached as Exhibit S.

97. On information and belief, Amwell has had knowledge and notice of the '418 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

98. Amwell has and continues to contributorily infringe the '418 Patent under 35 U.S.C. § 271(c). With knowledge of the '418 Patent, Amwell has sold, sells, offers to sell, has imported and/or is importing into the United States one or more of the Accused Products to be especially made or adapted for use in an infringement of the '418 Patent. The Accused Products are a material component for use in practicing the '418 Patent and are specifically made and are not a staple article of commerce suitable for substantial noninfringing use. The use of one or more of the Accused Products by Amwell's partners, clients, customers, and end users constitutes direct infringement of at least one claim of the '418 Patent.

- 16 -

99.     Amwell's acts of contributory infringement of the '418 Patent herein are being committed with full knowledge of Teladoc's rights in the '418 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted contributory infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## TENTH CLAIM FOR RELIEF
## DIRECT INFRINGEMENT OF THE '680 PATENT BY AMWELL

100.     Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

101.     The Accused Products directly infringe claims 1, 2, 4, 5, 12-14, and 21-23 of the '680 Patent.

102.     A chart illustrating direct infringement of claims 1, 2, 4, 5, 12-14, and 21-23 by the Accused Products is attached as Exhibit T.

103.     On information and belief, Amwell has had knowledge and notice of the '680 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

104.     Amwell has directly infringed and continues to directly infringe the '680 Patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, and/or importing into the United States the Accused Products that practice one or more claims of the '680 Patent.

105.     Amwell's acts of direct infringement of the '680 Patent herein are being committed with full knowledge of Teladoc's rights in the '680 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted direct infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate

infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## ELEVENTH CLAIM FOR RELIEF
## INDUCED INFRINGEMENT OF THE '680 PATENT BY AMWELL

106.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

107.    Amwell has and continues to induce infringement of claims 1, 2, 4, 5, 12-14, and 21-23 of the '680 Patent.

108.    A chart illustrating induced infringement of claims 1, 2, 4, 5, 12-14, and 21-23 by the Accused Products is attached as Exhibit T.

109.    On information and belief, Amwell has had knowledge and notice of the '680 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

110.    On information and belief, since at least the time Amwell received notice, Amwell induced and continues to induce infringement of the '680 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe the '680 Patent, including, but not limited to, Amwell's partners, clients, customers, and end users, whose use of one or more of the Accused Products constitutes direct infringement of at least one claim of the '680 Patent.

111.    Amwell's actions that aid and abet others, such as its partners, customers, clients, and end users, to infringe include advertising and distributing the Accused Products, providing instruction materials, training, and services regarding the Accused Products, including the user guides of Exhibits J, M, and N, and/or providing software for use with one or more of the Accused Products. On information and belief, Amwell has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Amwell had actual

knowledge of the '680 Patent and knowledge that its acts were inducing infringement of the '680 Patent since at least the date of the Notice Letter.

112.    Amwell's acts of induced infringement of the '680 Patent herein are being committed with full knowledge of Teladoc's rights in the '680 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted induced infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

**TWELFTH CLAIM FOR RELIEF**
**CONTRIBUTORY INFRINGEMENT OF THE '680 PATENT BY AMWELL**

113.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

114.    The Accused Products contributorily infringe claims 1, 2, 4, 5, 12-14, and 21-23 of the '680 Patent.

115.    A chart illustrating contributory infringement of claims 1, 2, 4, 5, 12-14, and 21-23 by the Accused Products is attached as Exhibit T.

116.    On information and belief, Amwell has had knowledge and notice of the '680 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

117.    Amwell has and continues to contributorily infringe the '680 Patent under 35 U.S.C. § 271(c).  With knowledge of the '680 Patent, Amwell has sold, sells, offers to sell, has imported and/or is importing into the United States one or more of the Accused Products to be especially made or adapted for use in an infringement of the '680 Patent.  The Accused Products are a material component for use in practicing the '680 Patent and are specifically made and are not a staple article of commerce suitable for substantial noninfringing use. The use of one or more of the

Accused Products by Amwell's partners, clients, customers, and end users constitutes direct infringement of at least one claim of the '680 Patent.

118.    Amwell's acts of contributory infringement of the '680 Patent herein are being committed with full knowledge of Teladoc's rights in the '680 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted contributory infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

**THIRTEENTH CLAIM FOR RELIEF**
**DIRECT INFRINGEMENT OF THE '165 PATENT BY AMWELL**

119.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

120.    The Accused Products directly infringe claims 1-4 of the '165 Patent.

121.    A chart illustrating direct infringement of claims 1-4 by the Accused Products is attached as Exhibit U.

122.    On information and belief, Amwell has had knowledge and notice of the '165 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

123.    Amwell has directly infringed and continues to directly infringe the '165 Patent under 35 U.S.C. § 271(a) by, among other things, using in the United States methods that practice one or more claims of the '165 Patent.

124.    Amwell's acts of direct infringement of the '165 Patent herein are being committed with full knowledge of Teladoc's rights in the '165 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted direct infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate

infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## FOURTEENTH CLAIM FOR RELIEF
## INDUCED INFRINGEMENT OF THE '165 PATENT BY AMWELL

125.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

126.    Amwell induces infringement of claims 1-4 of the '165 Patent.

127.    A chart illustrating induced infringement of claims 1-4 by the Accused Products is attached as Exhibit U.

128.    On information and belief, Amwell has had knowledge and notice of the '165 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

129.    On information and belief, since at least the time Amwell received notice, Amwell induced and continues to induce infringement of the '165 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe the '165 Patent, including, but not limited to, Amwell's partners, clients, customers, and end users, whose use of one or more of the Accused Products constitutes direct infringement of at least one claim of the '165 Patent.

130.    Amwell's actions that aid and abet others, such as its partners, customers, clients, and end users, to infringe include advertising and distributing the Accused Products, providing instruction materials, training, and services regarding the Accused Products, including the user guides of Exhibits J, M, and N, and/or providing software for use with one or more of the Accused Products. On information and belief, Amwell has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Amwell had actual

knowledge of the '165 Patent and knowledge that its acts were inducing infringement of the '165 Patent since at least the date of the Notice Letter.

131.    Amwell's acts of induced infringement of the '165 Patent herein are being committed with full knowledge of Teladoc's rights in the '165 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted induced infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## FIFTEENTH CLAIM FOR RELIEF
## CONTRIBUTORY INFRINGEMENT OF THE '165 PATENT BY AMWELL

132.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

133.    The Accused Products contributorily infringe 1-4 of the '165 Patent.

134.    A chart illustrating contributory infringement of claims 1-4 by the Accused Products is attached as Exhibit U.

135.    On information and belief, Amwell has had knowledge and notice of the '165 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

136.    Amwell has and continues to contributorily infringe the '165 Patent under 35 U.S.C. § 271(c).  With knowledge of the '165 Patent, Amwell has sold, sells, offers to sell, has imported and/or is importing into the United States one or more of the Accused Products to be especially made or adapted for use in an infringement of the '165 Patent.  The Accused Products are a material component for use in practicing the '165 Patent and are specifically made and are not a staple article of commerce suitable for substantial noninfringing use.  The use of one or more of the

Accused Products by Amwell's partners, clients, customers, and end users constitutes direct infringement of at least one claim of the '165 Patent.

137.    Amwell's acts of contributory infringement of the '165 Patent herein are being committed with full knowledge of Teladoc's rights in the '165 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted contributory infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## SIXTEENTH CLAIM FOR RELIEF
## DIRECT INFRINGEMENT OF THE '765 PATENT BY AMWELL

138.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

139.    The Accused Products directly infringe claims 1-4 of the '765 Patent.

140.    A chart illustrating direct infringement of claims 1-4 by the Accused Products is attached as Exhibit V.

141.    On information and belief, Amwell has had knowledge and notice of the '765 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

142.    Amwell has directly infringed and continues to directly infringe the '765 Patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, and/or importing into the United States the Accused Products that practice one or more claims of the '765 Patent.

143.    Amwell's acts of direct infringement of the '765 Patent herein are being committed with full knowledge of Teladoc's rights in the '765 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted direct infringement of a valid

patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## SEVENTEENTH CLAIM FOR RELIEF
## INDUCED INFRINGEMENT OF THE '765 PATENT BY AMWELL

144.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

145.    Amwell induced and induces infringement of claims 1-4 of the '765 Patent.

146.    A chart illustrating induced infringement of claims 1-4 by the Accused Products is attached as Exhibit V.

147.    On information and belief, Amwell has had knowledge and notice of the '765 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

148.    On information and belief, since at least the time Amwell received notice, Amwell induced and continues to induce infringement of the '765 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe the '765 Patent, including, but not limited to, Amwell's partners, clients, customers, and end users, whose use of one or more of the Accused Products constitutes direct infringement of at least one claim of the '765 Patent.

149.    Amwell's actions that aid and abet others, such as its partners, customers, clients, and end users, to infringe include advertising and distributing the Accused Products, providing instruction materials, training, and services regarding the Accused Products, including the user guides of Exhibits J, M, and N, and/or providing software for use with one or more of the Accused Products. On information and belief, Amwell has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Amwell had actual

knowledge of the '765 Patent and knowledge that its acts were inducing infringement of the '765 Patent since at least the date of the Notice Letter.

150.    Amwell's acts of induced infringement of the '765 Patent herein are being committed with full knowledge of Teladoc's rights in the '765 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted induced infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## EIGHTEENTH CLAIM FOR RELIEF
## CONTRIBUTORY INFRINGEMENT OF THE '765 PATENT BY AMWELL

151.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

152.    The Accused Products contributorily infringe claims 1-4 of the '765 Patent.

153.    A chart illustrating contributory infringement of claims 1-4 by the Accused Products is attached as Exhibit V.

154.    On information and belief, Amwell has had knowledge and notice of the '765 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

155.    Amwell has and continues to contributorily infringe the '765 Patent under 35 U.S.C. § 271(c).  With knowledge of the '765 Patent, Amwell has sold, sells, offers to sell, has imported and/or is importing into the United States one or more of the Accused Products to be especially made or adapted for use in an infringement of the '765 Patent.  The Accused Products are a material component for use in practicing the '765 Patent and are specifically made and are not a staple article of commerce suitable for substantial noninfringing use.  The use of one or more of the

Accused Products by Amwell's partners, clients, customers, and end users constitutes direct infringement of at least one claim of the '765 Patent.

156.    Amwell's acts of contributory infringement of the '765 Patent herein are being committed with full knowledge of Teladoc's rights in the '765 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted contributory infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

**NINETEENTH CLAIM FOR RELIEF**
**DIRECT INFRINGEMENT OF THE '017 PATENT BY AMWELL**

157.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

158.    The Accused Products directly infringe claims 1, 2, 10, 16, 25, 26, and 29 of the '017 Patent.

159.    A chart illustrating direct infringement of claims 1, 2, 10, 16, 25, 26, and 29 by the Accused Products is attached as Exhibit W.

160.    On information and belief, Amwell has had knowledge and notice of the '017 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

161.    Amwell has directly infringed and continues to directly infringe the '017 Patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, and/or importing into the United States the Accused Products that practice one or more claims of the '017 Patent.

162.    Amwell's acts of direct infringement of the '017 Patent herein are being committed with full knowledge of Teladoc's rights in the '017 Patent.  On information and belief,

Amwell is continuing to act despite knowing that its actions constituted direct infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

**TWENTIETH CLAIM FOR RELIEF**
**INDUCED INFRINGEMENT OF THE '017 PATENT BY AMWELL**

163.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

164.    Amwell has and continues to induce infringement of claims 1, 2, 10, 16, 25, 26, and 29 of the '017 Patent.

165.    A chart illustrating induced infringement of claims 1, 2, 10, 16, 25, 26, and 29 by the Accused Products is attached as Exhibit W.

166.    On information and belief, Amwell has had knowledge and notice of the '017 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

167.    On information and belief, since at least the time Amwell received notice, Amwell induced and continues to induce infringement of the '017 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe the '017 Patent, including, but not limited to, Amwell's partners, clients, customers, and end users, whose use of one or more of the Accused Products constitutes direct infringement of at least one claim of the '017 Patent.

168.    Amwell's actions that aid and abet others, such as its partners, customers, clients, and end users, to infringe include advertising and distributing the Accused Products, providing instruction materials, training, and services regarding the Accused Products, including the user guides of Exhibits J, M, and N, and/or providing software for use with one or more of the Accused Products.

On information and belief, Amwell has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Amwell had actual knowledge of the '017 Patent and knowledge that its acts were inducing infringement of the '017 Patent since at least the date of the Notice Letter.

169.    Amwell's acts of induced infringement of the '017 Patent herein are being committed with full knowledge of Teladoc's rights in the '017 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted induced infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

### TWENTY-FIRST CLAIM FOR RELIEF
### CONTRIBUTORY INFRINGEMENT OF THE '017 PATENT BY AMWELL

170.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

171.    The Accused Products contributorily infringe claims 1, 2, 10, 16, 25, 26, and 29 of the '017 Patent.

172.    A chart illustrating contributory infringement of claims 1, 2, 10, 16, 25, 26, and 29 by the Accused Products is attached as Exhibit W.

173.    On information and belief, Amwell has had knowledge and notice of the '017 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

174.    Amwell has and continues to contributorily infringe the '017 Patent under 35 U.S.C. § 271(c).  With knowledge of the '017 Patent, Amwell has sold, sells, offers to sell, has imported and/or is importing into the United States one or more of the Accused Products to be especially made or adapted for use in an infringement of the '017 Patent.  The Accused Products are

a material component for use in practicing the '017 Patent and are specifically made and are not a staple article of commerce suitable for substantial noninfringing use.  The use of one or more of the Accused Products by Amwell's partners, clients, customers, and end users constitutes direct infringement of at least one claim of the '017 Patent.

175.    Amwell's acts of contributory infringement of the '017 Patent herein are being committed with full knowledge of Teladoc's rights in the '017 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted contributory infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

**TWENTY-SECOND CLAIM FOR RELIEF**
**DIRECT INFRINGEMENT OF THE '007 PATENT BY AMWELL**

176.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

177.    The Accused Products directly infringe claims 1, 13-16, and 20 of the '007 Patent.

178.    A chart illustrating direct infringement of claims 1, 13-16, and 20 by the Accused Products is attached as Exhibit X.

179.    On information and belief, Amwell has had knowledge and notice of the '007 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

180.    Amwell has directly infringed and continues to directly infringe the '007 Patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, and/or importing into the United States the Accused Products that practice one or more claims of the '007 Patent.

181.    Amwell's acts of direct infringement of the '007 Patent herein are being committed with full knowledge of Teladoc's rights in the '007 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted direct infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## TWENTY-THIRD CLAIM FOR RELIEF
## INDUCED INFRINGEMENT OF THE '007 PATENT BY AMWELL

182.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

183.    Amwell has and continues to induce infringement of claims 1, 13-16, and 20 of the '007 Patent.

184.    A chart illustrating induced infringement of claims 1, 13-16, and 20 by the Accused Products is attached as Exhibit X.

185.    On information and belief, Amwell has had knowledge and notice of the '007 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

186.    On information and belief, since at least the time Amwell received notice, Amwell induced and continues to induce infringement of the '007 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe the '007 Patent, including, but not limited to, Amwell's partners, clients, customers, and end users, whose use of one or more of the Accused Products constitutes direct infringement of at least one claim of the '007 Patent.

187.    Amwell's actions that aid and abet others, such as its partners, customers, clients, and end users, to infringe include advertising and distributing the Accused Products, providing

instruction materials, training, and services regarding the Accused Products, including the user guides of Exhibits J, M, and N, and/or providing software for use with one or more of the Accused Products. On information and belief, Amwell has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Amwell had actual knowledge of the '007 Patent and knowledge that its acts were inducing infringement of the '007 Patent since at least the date of the Notice Letter.

188.    Amwell's acts of induced infringement of the '007 Patent herein are being committed with full knowledge of Teladoc's rights in the '007 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted induced infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

### TWENTY-FOURTH CLAIM FOR RELIEF
### CONTRIBUTORY INFRINGEMENT OF THE '007 PATENT BY AMWELL

189.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

190.    The Accused Products contributorily infringe claims 1, 13-16, and 20 of the '007 Patent.

191.    A chart illustrating contributory infringement of claims 1, 13-16, and 20 by the Accused Products is attached as Exhibit X.

192.    On information and belief, Amwell has had knowledge and notice of the '007 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

193.    Amwell has and continues to contributorily infringe the '007 Patent under 35 U.S.C. § 271(c).  With knowledge of the '007 Patent, Amwell has sold, sells, offers to sell, has

imported and/or is importing into the United States one or more of the Accused Products to be especially made or adapted for use in an infringement of the '007 Patent. The Accused Products are a material component for use in practicing the '007 Patent and are specifically made and are not a staple article of commerce suitable for substantial noninfringing use. The use of one or more of the Accused Products by Amwell's partners, clients, customers, and end users constitutes direct infringement of at least one claim of the '007 Patent.

194.    Amwell's acts of contributory infringement of the '007 Patent herein are being committed with full knowledge of Teladoc's rights in the '007 Patent. On information and belief, Amwell is continuing to act despite knowing that its actions constituted contributory infringement of a valid patent since at least the date of the Notice Letter. Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

**TWENTY-FIFTH CLAIM FOR RELIEF**
**DIRECT INFRINGEMENT OF THE '000 PATENT BY AMWELL**

195.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

196.    The Accused Products directly infringe claims 1-6, 9, and 15-19 of the '000 Patent.

197.    A chart illustrating direct infringement of claims 1-6, 9, and 15-19 by the Accused Products is attached as Exhibit Y.

198.    On information and belief, Amwell has had knowledge and notice of the '000 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

199.    Amwell has directly infringed and continues to directly infringe the '000 Patent under 35 U.S.C. § 271(a) by, among other things, making, using, selling, offering to sell, and/or

importing into the United States the Accused Products that practice one or more claims of the '000 Patent.

200.    Amwell's acts of direct infringement of the '000 Patent herein are being committed with full knowledge of Teladoc's rights in the '000 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted direct infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

**TWENTY-SIXTH CLAIM FOR RELIEF**
**INDUCED INFRINGEMENT OF THE '000 PATENT BY AMWELL**

201.    Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

202.    Amwell has and continues to induce infringement of claims 1-6, 9, and 15-19 of the '000 Patent.

203.    A chart illustrating induced infringement of claims 1-6, 9, and 15-19 by the Accused Products is attached as Exhibit Y.

204.    On information and belief, Amwell has had knowledge and notice of the '000 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

205.    On information and belief, since at least the time Amwell received notice, Amwell induced and continues to induce infringement of the '000 Patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe the '000 Patent, including, but not limited to, Amwell's partners, clients, customers, and end users, whose use of one or more of the Accused Products constitutes direct infringement of at least one claim of the '000 Patent.

206.     Amwell's actions that aid and abet others, such as its partners, customers, clients, and end users, to infringe include advertising and distributing the Accused Products, providing instruction materials, training, and services regarding the Accused Products, including the user guides of Exhibits J, M, and N, and/or providing software for use with one or more of the Accused Products. On information and belief, Amwell has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Amwell had actual knowledge of the '000 Patent and knowledge that its acts were inducing infringement of the '000 Patent since at least the date of the Notice Letter.

207.     Amwell's acts of induced infringement of the '000 Patent herein are being committed with full knowledge of Teladoc's rights in the '000 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted induced infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

### TWENTY-SEVENTH CLAIM FOR RELIEF
### CONTRIBUTORY INFRINGEMENT OF THE '000 PATENT BY AMWELL

208.     Teladoc incorporates by reference each and every allegation contained in Paragraphs 1-42 above.

209.     The Accused Products contributorily infringe claims 1-6, 9, and 15-19 of the '000 Patent.

210.     A chart illustrating contributory infringement of claims 1-6, 9, and 15-19 by the Accused Products is attached as Exhibit Y.

211.     On information and belief, Amwell has had knowledge and notice of the '000 Patent, as well as its infringement thereof, at least as early as the date of the Notice Letter.

212.     Amwell has and continues to contributorily infringe the '000 Patent under 35 U.S.C. § 271(c).  With knowledge of the '000 Patent, Amwell has sold, sells, offers to sell, has imported and/or is importing into the United States one or more of the Accused Products to be especially made or adapted for use in an infringement of the '000 Patent.  The Accused Products are a material component for use in practicing the '000 Patent and are specifically made and are not a staple article of commerce suitable for substantial noninfringing use.  The use of one or more of the Accused Products by Amwell's partners, clients, customers, and end users constitutes direct infringement of at least one claim of the '000 Patent.

213.     Amwell's acts of contributory infringement of the '000 Patent herein are being committed with full knowledge of Teladoc's rights in the '000 Patent.  On information and belief, Amwell is continuing to act despite knowing that its actions constituted contributory infringement of a valid patent since at least the date of the Notice Letter.  Amwell's acts constitute willful and deliberate infringement, entitling Teladoc to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

## DAMAGES AND INJUNCTIVE RELIEF

214.     As a result of Amwell's infringement of the Asserted Patents, Teladoc has suffered and will continue to suffer damages.  Under 35 U.S.C. § 284, Teladoc is entitled to recover from Amwell the damages adequate to compensate for such infringement in an amount to be determined at trial.

215.     Amwell's acts of infringement have caused and will continue to cause irreparable harm to Teladoc, for which there is no adequate remedy at law, entitling Teladoc to injunctive relief.

## JURY DEMAND

216.    Teladoc demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Teladoc prays for the following relief:

a.      A judgment holding that Amwell has infringed the Asserted Patents.

b.      That Amwell and its affiliates, employees, agents, officers, directors, attorneys, successors, and assigns and all those acting on behalf of or in concert with Amwell be permanently enjoined from infringement, inducement of infringement, and contributory infringement of each of the Asserted Patents;

c.      That Teladoc be awarded damages for Amwell's infringement of the Asserted Patents, together with interest (both pre- and post-judgment interest), costs, and disbursements as determined by this Court under 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty;

d.      That this action be adjudged an exceptional case and Teladoc be awarded its attorneys' fees in this action pursuant to 35 U.S.C. § 285;

e.      That Teladoc is entitled to reasonable costs, including attorneys' fees and expenses; and

f.      That Teladoc be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

_____

Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
cclark@mnat.com

OF COUNSEL:

Michael V. Solomita
NORTON ROSE FULBRIGHT US LLP
1301 Avenue of the Americas
New York, NY  10019-6022
(212) 408-5100

October 12, 2020

*Attorneys for Plaintiff Teladoc Health, Inc.*